[Crim. No. 88. Fourth Appellate District.—August 1, 1933.]

THE PEOPLE, Respondent, v. BENITO REYES, Appellant.

P. E. Bingman and C. O. Thompson for Appellant.

U. S. Webb, Attorney-General, Alberta Belford, Deputy Attorney-General, Stanley Mussell, District Attorney, and Albert E. Weller, Deputy District Attorney, for Respondent.

TURRENTINE, J., *pro tem.*—Defendant was charged by information with the crime of murder, tried before a jury, found guilty with recommendation of life imprisonment, and judgment was pronounced. This appeal is from the judgment of conviction and from the order denying defendant's motion for new trial.

It appears from the evidence that the deceased, Antonio Celis, a young Mexican, had been living at North Cucamonga, at the home of defendant's father for a short time prior to his death, which occurred on December 5, 1932.

Defendant likewise lived in this village, living a part of the time at his father's home and a part of the time at the home of a woman by the name of Mary Rodriquez. At about 5 o'clock on the morning of December 5, 1932, the defendant and the deceased went into the pool-hall of Francisco Lopez, remained a few minutes, and bought a package of cigarettes, after which deceased and defendant walked out of the pool-hall together. This is the last time the deceased was seen alive. On the afternoon of December 5th the body of deceased was found in a pepper grove about a mile from the pool-hall, with his head crushed in. At about 7:30 or 8 o'clock on the morning of December 5th defendant was seen walking in the vicinity of and away from the place where the body was found. Between 8 and 8:30 o'clock of the same morning he went to the home of Mary Rodriquez, changed his shoes, and left a shirt, on which was found human blood.

Mary Rodriquez testified that the defendant left her house about 2 o'clock on the morning of December 5, 1932, and returned about 8 or 8:30 on the same morning. He there changed his shoes, and when she asked him why he changed his shoes he stated that he was going to water the lawn. Investigating officers, on going to the spot where the body was found, located two pair of footprints leading into the pepper grove and one pair leading away, which were followed for a distance and that some of the footprints contained the word "Light". The officers went to the house of Mary Rodriquez, found a pair of shoes which fit the defendant's feet and on the rubber heels were the words "Light Wear" in raised letters. These were the same shoes identified by Mary Rodriquez as belonging to defendant.

An officer testified that he followed tracks leading out of the pepper grove from the place where the body of deceased was found to the home of Mary Rodriquez; that in a conversation with him, defendant denied being in Lopez' pool-hall with deceased and denied that he had ever been with the deceased at all; that defendant denied ownership of the shoes and shirt which were found in the home of Mary Rodriquez, and declared that he had spent all night at the home of Mrs. Rodriquez, had gone to bed early on the night of December 4th and did not get up the next day until about 9 o'clock. Other corroborating circumstances

were in evidence. Defendant offered no evidence and the verdict was based on the prosecution's case as presented.

While the evidence is naturally circumstantial, it is clear and convincing and clearly sufficient for the jury to determine beyond a reasonable doubt that defendant was guilty. All intendments favor upholding the judgment and the action of the trial court, and the evidence is to be viewed in the light most favorable to the prosecution. (*People* v. *Dukes,* 90 Cal. App. 657 [266 Pac. 558].)

A green shirt which when tested disclosed human blood stains, was offered as People's exhibit for identification. It later developed that it did not belong to the defendant. It was not offered in evidence other than for identification, and no motion was made to strike it from the record. If it was error to so offer the shirt, it was waived by defendant's failure to move to strike it out. (*People* v. *Balmain,* 16 Cal. App. 28, 32 [116 Pac. 303].)

The district attorney made two statements as follows: "All of the circumstances . . . point unquestionably towards the guilt of this defendant. And, what is the other side of the picture? Well, the State's case stands absolutely unchallenged . . . All of these facts stand before you uncontradicted and undenied and unchallenged. No explanation by any sworn testimony. There is no denial of any of the substantial facts in this case." And: "Mexicans are peculiar, they are a stoical race. They can face death unflinchingly, the average Mexican can, and perhaps that is why they can take other lives unflinchingly and quite calmly." Objection was made to this and the making of said statements is claimed by defendant to be prejudicial error.

That the first statement is not prejudicial error is decided by the following cases: *People* v. *Wademan,* 38 Cal. App. 116, 133 [175 Pac. 791]; *People* v. *McLeod,* 30 Cal. App. 435, 438 [158 Pac. 506].

That the last remark, relating to the nationality of the defendant was not prejudicial error is decided in the cases of *People* v. *Frost,* 37 Cal. App. 120 [174 Pac. 106], and *People* v. *Piazza,* 84 Cal. App. 58, at page, 77 [257 Pac. 592].

A careful and full investigation of the record convinces us that there were no substantial errors in the admission of

evidence; that the jury was fully and fairly instructed; and that defendant was convicted after a full, fair and impartial trial.

The judgment and order appealed from are affirmed.

Barnard, P. J., and Marks, J., concurred.