[Crim. No. 1498.   Third Appellate District.—July 6, 1936.]

THE PEOPLE, Respondent, v. A. J. ROSSI, Appellant.

Chris D. Johnson and O. F. Meldon for Appellant.

U. S. Webb, Attorney-General, and Wilmer W. Morse, Deputy Attorney-General, for Respondent.

THE COURT.—Appellant was charged in an information with the crime of buying or receiving stolen property, a felony under the provisions of section 496bb of the Penal Code. A trial by jury having been waived, appellant was tried by the court and found guilty as charged in the information. From that judgment of conviction and an order denying a new trial, appellant appeals, specifying as grounds therefor that there was no evidence of the receipt by appellant of the property described in the information, and that certain errors of law were committed during the course of the trial prejudicial to appellant.

Under section 496bb of the Penal Code the burden is upon the prosecution to prove beyond a reasonable doubt, first, that the property or some part thereof, consisting of silverware described in the information, had been stolen or obtained in a manner constituting theft or extortion. Second, that appellant bought or received, concealed, withheld or aided in the concealing or withholding of said property from the owner, and third, that appellant knew that said property had been stolen or obtained in a manner constituting theft or extortion.

The fact that the property was stolen was clearly established, it having been taken from the home of Mr. and Mrs. Wood in Sacramento on or about January 1, 1936, by one Remando and Woodford. To prove the receipt of the property by Rossi the prosecution called C. N. La Due, a police officer of the city of Sacramento, who testified he and Officer Thomas, also of the Sacramento police department, went to the residence of Rossi, and there in a woodshed in the rear of the premises dug up three bundles of silverware buried in the ground beneath the floor of the shed,

and that the silverware in question was among those thus found.

After the articles had been recovered and after Rossi had been arrested and taken to the police station, in the presence of Captain McAllister, Sergeant La Due and Officer Thomas, Rossi was told that the silverware had been found buried in his woodshed, and he said, "Did you find that; how much did you find?" and when the officers charged him with not telling them of that buried silverware, he then replied: "Well, you can't blame me for trying to save it,— . . . I needed $100.00." When asked why he buried it, he denied that he buried it, but said he knew Bert Lathrop buried some of it. Upon the stand the witness denied parts of this statement and said he was joking when he told the officers about needing the $100. Whether or not he was then speaking the truth was a matter for the trial court to determine.

It is not necessary to constitute receipt of stolen property that the accused receive the physical possession of the property. If the silverware had been concealed upon the Rossi premises by others with his knowledge or consent, that would be sufficient to justify the conviction. (*United States* v. *Le Fonti*, 255 Fed. 210.) In that case the court said:

"It has long been settled that under such statutes (those bringing receivers of stolen goods within the pale of the criminal law) actual manual or physical possession is not a necessary element of the crime, but it is sufficient if the possession be constructive, that is to say, if the goods are shown to have been under the control of the person charged, although they were in the actual possession of another."

In addition to the testimony of Rossi, Remando, a witness called for appellant, identified certain of the silverware as that he had taken from the Wood home. He said that he and Woodford took it first to a place on O Street where they were living and then from there they drove out to the Rossi place and the witness buried it in the shed. The witness denied that Rossi knew anything of the circumstances until the witness told him after they were both confined in the city jail. On cross-examination he was asked: "Q. Did you ever deliver any of this stolen property to Rossi? A. Yes, but he at no time knew anything I sold him

was stolen property. . . . Q. Do you know whether anybody else told that or not? A. I don't think Woodford did at any time I was with him. . . . Q. Did you ever take any property down there to 1515 Fourth street? A. Yes I did. Q. Was that stolen property? A. It was."

In a previous statement made to the police referring to the place on Fourth Street, he was asked: "Q. You mean the place where you and Angelo Rossi rent the room in the basement? A. Yes."

Woodford, the companion in crime of Remando, was an unwilling witness, and did not testify concerning the burglarizing of the Wood home, upon the ground it might incriminate him, but he related other burglaries, particularly as to the Platt home, and a course of conduct involving Rossi that would convince a person or ordinary intelligence that he and Remando were dealing in stolen property for which Rossi paid varying sums of money. As was said in *People* v. *Mercado,* 59 Cal. App. 69 [209 Pac. 1035, 1037]:

"While guilty knowledge of the larceny is an essential fact to be proved in a prosecution for receiving stolen goods, such knowledge need not be that actual and positive knowledge which is acquired from personal observation of the fact. In *People* v. *Clausen,* 120 Cal. 381 [52 Pac. 658], our Supreme Court quoted approvingly from Wharton's Criminal Law as follows: 'Whether the defendant knew that the goods were stolen is to be determined by all the facts of the case. It is not necessary that he should have heard the facts from eye witnesses. He is required to use the circumspection usual with persons taking goods by private purchase; and this is eminently the case with dealers buying at greatly depreciated rates. That which a man in the defendant's position ought to have suspected he must be regarded as having suspected, as far as was necessary to put him on guard and on his inquiries. . . . The proof in any case is to be inferential, and among the inferences prominent are inadequacy of price, irresponsibility of vendor or depositor.' To the same effect, see *Cobb* v. *State,* 76 Ga. 664, in which the court says: 'Knowledge may well be deduced from conduct and behavior, the character of the person from whom received, and the kind of goods, and the hour when received.' "

Here the court was entirely justified in finding appellant guilty. Two exconvicts, known to appellant as such, were selling to him various articles of jewelry and silverware. ██ The testimony of Woodford that he sold appellant certain property stolen from the Platt home, and known by· appellant to have been stolen, was properly received as bearing upon the issue as to whether or not appellant had knowledge that the silverware described in the information was stolen, and was a circumstance to be considered. The evidence was not offered to prove receipt of the goods in question but to show guilty knowledge on the part of appellant.

██ It was also contended that no proper foundation was laid concerning the stolen Platt property referred to by Woodford in that it did not appear that such stolen property was received by appellant prior to the offense here charged, but in that connection it appears that the burglarizing of the Platt home was on December 25th, and the stolen property delivered to appellant that same night, while the burglarizing of the Wood home was about a week later.

We have examined the many citations of error in the admission of evidence but we find the same to be without merit.

The order and judgment appealed from are affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 21, 1936.