[Crim. No. 4036. Second Dist. Div. One. Sept. 30, 1946.]

THE PEOPLE, Respondent, v. WALTER O. NOORLANDER, Appellant.

Walter O. Noorlander, in pro. per., for Appellant.

Robert W. Kenny, Attorney General, and John F. Hassler, Deputy Attorney General, for Respondent.

DORAN, J.—Defendant was adjudged guilty of grand theft with a prior conviction of a felony and appeals from the judgment.

The information alleged the theft of an automobile.

The trial was before the court without a jury. By stipulation, the People's case was submitted upon the transcript of the proceedings at the preliminary hearing. Defendant and defendant's mother testified for the defense at the trial.

It is contended on appeal that,

"I. The trial Court was without jurisdiction to proceed with the trial upon stipulation of counsel that the evidence at the preliminary examination be considered as evidence at the trial without confronting defendant with the witnesses against him.

"II. The Court erred in failing to consider that defendant did not avoid arrest and waited for the police for two days.

"III. The evidence is insufficient to sustain the judgment.

"IV. The trial Court erred failing to have appellant's sanity determined after the question had been raised and a doctor appointed to make a sanity report to the Court.

"V. The prior felony conviction alleged in the information and found to be true by the Court cannot operate to increase appellant's minimum term of imprisonment."

The record of the trial reveals, in part, the following:

"THE COURT: The People against Walter O. Noorlander.

"MR. WARNER: In regard to this matter, we can now submit the transcript to the Court to read, and then put on the defendant and call another witness. I believe the officer's testimony will be substantially the same. I have gone over the transcript several times, and I don't believe it will add anything to put them on the stand.

"THE COURT: Mr. Noorlander, do you waive your right to a trial by jury?

"THE DEFENDANT: Yes, sir.

"THE COURT: You want to be tried by the Court sitting without a jury?

"THE DEFENDANT: Yes.

"THE COURT: Do you join in that, Mr. Warner?

"MR. WARNER: I do.

"THE COURT: And the People?

"MR. BOWLER: The People join.

"THE COURT: I understand that the matter is now submitted upon the transcript of the preliminary hearing with the stipulation that if the witnesses whose testimony is there recorded in that transcript were here, sworn and testified, their testimony would be substantially the same as recorded in the transcript and I may consider that those witnesses were here and were sworn and did so testify, and when I have read the transcript and heard whatever additional testimony may be offered, I may then proceed to determine the question of the guilt or innocence of the defendant.

"Mr. WARNER: So stipulated.

"Mr. BOWLER: So stipulated.

"THE COURT: I have received a copy of the transcript. (Transcript of the preliminary examination in this matter, had in Division 4 before Hon. Louis W. Kaufman on January 4, 1946, is in words and figures as follows:)"

There is no merit to appellant's contentions.

The transcript of proceedings at the preliminary hearing in the Municipal Court, following the trial of Court and cause, is, in part, as follows:

"Los Angeles, California, January 4, 1946.

"Upon the above date, at the hour of 10:00 o'clock a. m., this case was called for preliminary examination before Hon. Louis W. Kaufman, Judge of the Municipal Court of the City of Los Angeles, State of California. The defendant appeared in person, together with his counsel, James J. Sresovich, Esq., Deputy Public Defender, the People being represented by Kenneth J. Thomas, Esq., Deputy District Attorney of Los Angeles County, when the following proceedings were had, to-wit: . . ."

It is at once evident from the foregoing excerpts from the record that no rights of the defendant were violated, as urged in appellant's first contention.

Appellant's second contention is trivial.

As to the third contention, a review of the transcript reveals the evidence to have been sufficient.

Contentions four and five are obviously without merit and require no comment.

There being no errors, the judgment is affirmed.

York, P. J., and White, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 28, 1946.