[Crim. No. 4422.   Second Dist., Div. Two.   Nov. 16, 1950.]

THE PEOPLE, Respondent, v. LILLIAN YOUNG, Appellant.

Walter L. Gordon, Jr., for Appellant.

Fred N. Howser, Attorney General, and Dan Kaufmann, Deputy Attorney General, for Respondent.

McCOMB, J.—From an order denying defendant's motion for a new trial after she had been found guilty of buying and receiving stolen property (Pen. Code, § 496) after trial before the court without a jury, defendant appeals.

The evidence being viewed in the light most favorable to the People (respondent) the essential facts are:

On November 22, 1948, police officers went to the residence of defendant where they found a green suit on a hanger. The garment still had the sales tag on it, and had been stolen from the J. J. Haggerty department store by Mabel Jones late in October on which date it had been delivered to defendant. In addition the officers found approximately 15 other women's suits and some men's garments, all unused and many of them with the price tags still attached, in the closet of defendant's house. Defendant was arrested and an information filed against her charging violation of section 496bb of the Penal Code. At the time of trial a jury was duly waived and it was stipulated by the district attorney and defendant's counsel that the cause might be submitted on the exhibits introduced and the transcript of the proceedings had at the preliminary hearing. Upon such record the trial court found defendant guilty of receiving stolen property (Pen. Code, § 496), a lesser offense than that charged in the information, but necessarily included therein.

■ *Questions:* First: *Was there substantial evidence to sustain the trial court's implied finding that defendant knew the property in her possession was stolen property at the time defendant received it?*

This question must be answered in the affirmative. Upon questioning by the officers after her arrest defendant freely and voluntarily stated that she had received the property from different girls, and when asked if she knew it was stolen, said "Yes, naturally she would know that." This admission alone constitutes substantial evidence to sustain the questioned finding of the trial court.

■ Second: *Was defendant denied the right to be confronted with witnesses in violation of her constitutional rights because the cause was submitted on the transcript of the preliminary proceedings in the case?*

This question must be answered in the negative. The right of the accused to be confronted by witnesses at his trial whether

reserved in the Constitution or in the statutes of California may be waived, and where the defendant stipulates to the submission of a criminal case on a transcript of the preliminary hearing he is not deprived of his right to be confronted with the witnesses against him. (*People* v. *Wallin,* 34 Cal.2d 777, 781 et seq. [215 P.2d 1] ; *People* v. *Noorlander,* 76 Cal.App.2d 274, 275 [172 P.2d 766].)

Order affirmed.

Moore, P. J., and Wilson, J., concurred.