THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* SANTIAGO VARGAS RIVERA ET AL., Defendants and Appellants.

No. 15259. Argued November 7, 1952.—Decided December 4, 1952.

*Miguel Velázquez Rivera* and *Santos P. Amadeo* for appellants. *Víctor Gutiérrez Franqui, Attorney General,* and *J. Rivera Barreras, Fiscal of the Supreme Court,* for appellee.

MR. JUSTICE ORTIZ delivered the opinion of the Court.

In the former District Court of Puerto Rico, Aguadilla Section, the district attorney filed a complaint for a violation of Act No. 220 of 1948 (*Bolita* Act) against Miguel Acevedo Quiles, Santiago Vargas Rivera, Efraín Ríos Feliciano, Pablo Méndez Feliciano, Justino Acevedo Quiles, Justiniano Borrero Pérez, Alejandrino Acevedo Méndez, Ramón Soto Vera, Agustín Acevedo Quiles, Onofre Cardona, Félix Lebrón Rodríguez and Teodoro Latorre.[1]

On November 5, 1951 the case was called for trial, the defendants having appeared personally. Defendant Agustín Acevedo Quiles was represented by his attorney, Mr. José Veray, Jr., and the other defendants by their attorneys, José Rafael Gelpí and Baltasar Quiñones Elías.

As appears from the transcript of evidence, the evidence for the People was admitted by the following stipulation:

"District Attorney: Your Honor, in this case, counsel for the defense—Mr. Veray, Quiñones Elías and Gelpí—and the People have a stipulation to make to the Court which is as follows: that if the witnesses whose names appear on the back of the complaint, Andrés Acevedo Vera and Constancio Santiago, were to testify in this case, they would testify to the same effect as in their sworn statements which are part of this file. We offer the file in evidence.

"Mr. Gelpí: As to the defendants whom Mr. Quiñones Elías and I represent, we have examined the file and we do not object to stipulating as indicated by the district attorney. We believe this to be beneficial to the defendants we represent.

"District Attorney: We offer also, Your Honor, the notebooks and pencils that were seized as identified in the file.

"Mr. Veray: We accept that stipulation also.

"The Court: The stipulation is approved."

---

[1] These persons were charged with a misdemeanor, consisting of having in their possession lists and notebooks with numbers and letters, besides pencils, used in the *bolita* game.

Once the stipulation was approved, the trial continued, and counsel for the defense presented their evidence. (Tr. of Ev. 5.) Once this evidence was introduced, defendant Efraín Ríos Feliciano changed his plea of not guilty to a plea of guilty and thereupon the court proceeded to enter the corresponding judgment. As to the other defendants, the trial judge made the following pronouncement:

"Weighing the evidence in this case as it appears from the file of the district attorney, that is, the evidence offered by the latter and that offered by the defense, the court has reached the following conclusions: as regards the accused Agustín Acevedo Quiles, the court has doubts, and gives the benefit of said doubts to the accused and acquits him. As to the accused Teodoro Latorre, the court finds him guilty of the offense charged and shall pass sentence shortly. As to the accused Félix Lebrón Rodríguez, the court has doubts, gives the benefit of the same to the accused and acquits him. In the case of Onofre Cardona, the court also has doubts and gives the benefit of said doubts to the accused and acquits him. As to the accused Santiago Vargas Rivera, the court finds him guilty of the offense charged. As to the accused Miguel Acevedo Quiles, the court has doubts and acquits him. As to Pablo Méndez Feliciano, the court finds him guilty of the offense charged. As to the accused Justino Acevedo Quiles, the court finds him guilty. As to Justiniano Borrero Pérez, the court has doubts and acquits him. As to Alejandrino Acevedo Méndez, the court has doubts, gives him the benefit of said doubts and acquits him. As to Ramón Soto Vera, the court has doubts and acquits him."

In short (with the exception of the accused Ríos who pleaded guilty), from the examination of the sworn statements admitted by stipulation and the evidence offered by the defendants, the trial court found that it should acquit and did acquit seven of the defendants and found guilty the other four, who are the appellants herein. Immediately thereafter the court passed judgment on the four convicted and sentenced each one to six months in jail.

The error assigned on appeal against the judgments entered is as follows:

"The court committed error in finding the defendants-appellants guilty of the offense charged inasmuch as it had no jurisdiction to enter the judgment because said defendants-appellants did not expressly and intelligently waive their constitutional right to be confronted with the witnesses and the stipulation entered into by their attorneys waiving said right was null and void."

██ ██ The right of every accused to be confronted with the witnesses against him was guaranteed, on the date on which the defendants committed the offense and on the date of the trial in the lower court, by § 2 of the Organic Act of Puerto Rico, second paragraph, which in its pertinent part provided as follows: "In all criminal prosecutions, the accused shall enjoy the right...to be confronted with the witnesses against him. . . ."

The same guarantee was included in § 11 of the Constitution of the Commonwealth of Puerto Rico,[2] in effect since July 25, 1952.

These provisions have their immediate precedents in the Constitution of the United States, Amendments, Article VI. It deals, therefore, with the adoption of a fundamental part of the Bill of Rights of the Supreme Law of the Land which must receive a similar interpretation in its local application.[3] It may be added also that almost all the state constitutions have adopted an identical principle.   5 Wigmore *on Evidence,* § 1397, p. 127.

[3] *South Porto Rico Sugar Co.* v. *Buscaglia,* 154 F. 2d 96, 100.

[2] The reasons for retaining this provision were summed up by the Committee on the Bill of Rights in its report to the Constitutional Convention as follows: "The guarantee to be confronted with the witnesses against the defendant is essential in our system.   Our Supreme Court has accepted in this field the common law doctrine.   The purpose is to prevent testimony that has not been submitted to the process of cross-examination from being used against a defendant.   The exceptions to the 'hearsay rule'—by virtue of which declarations which have a special value are admitted despite the fact that they have not been submitted to cross-examination at the trial in which they are presented—present legislative and judicial problems which should not affect the formulation of the norm herein recommended."

Besides the expressed constitutional mandate—formerly under the Jones Act and now under the Constitution of the Commonwealth—the insular legislation ratifies the right of the accused, in all criminal prosecutions, to be confronted with the witnesses against him. Section 11 of the Code of Criminal Procedure of Puerto Rico provides as follows:

"Section 11.—(686 Cal.) In a criminal action the defendant is entitled:

"(1) .    .    .    .    .    .    .    .    .    .    .

"(2) .    .    .    .    .    .    .    .    .    .    .

"(3) .    .    .    .    .    .    .    .    .    .    .

"(4) To be confronted with the witnesses against him in the presence of the court, except that where the charge has been preliminarily examined before a prosecuting attorney or a justice of the peace, or where the testimony of a witness on the part of the people who is unable to give security for his appearance has been taken in the presence of the defendant, who has, either in person or by counsel, cross-examined or had an opportunity to cross-examine the witness, the deposition of such witness may be read, upon its being satisfactorily shown to the court that he is dead or insane, or can not with due diligence be found within Puerto Rico.

"The examination of witnesses by the prosecuting attorney as provided for in section three must be in private, and he shall not interrogate witnesses produced for the defendant except during the public trial."

Every accused in a criminal proceeding has the right to be confronted with the witnesses against him. *People v. Carbone*, 59 P.R.R. 608, 610; *People v. Ortiz*, 57 P.R.R. 457, 461; *Aguilar v. People*, 49 P.R.R. 652, 655; *People v. Rojas*, 16 P.R.R. 238, 239, 241. The question here is whether or not counsel for the accused may waive said right of confrontation, while representing the accused, without the express consent of the accused, by virtue of a stipulation as the one entered into in the case at bar.

The right of confrontation acquires its efficacy and existence, not because it affords the accused and the court the

opportunity to observe the witnesses, but rather because it serves as a basis for the fundamental purpose of allowing the accused to cross-examine the witnesses. The right to cross-examine gives reality and efficacy to the right of confrontation. The power to observe the witnesses is useful, but even more important is the power to cross-examine the witnesses against the defendant from the standpoint of getting the benefits of a correct and adequate defense. In 5 Wigmore 27, § 1365, 3rd ed., the following is stated:

"The right of confrontation is the right to the opportunity of cross-examination. Confrontation also involves a subordinate and incidental advantage, namely, the observation by the tribunal of the witness' demeanor on the stand, as a minor means of judging the value of his testimony. But this minor advantage is not regarded as essential, i. e. it may be dispensed with when it is not feasible. Cross-examination, however, the essential object of confrontation, remains indispensable." (See also § 1362 of the same text, and 23 Corpus Juris Secundum, p. 360 et seq., § § 999–1008.)

One of the purposes of such a right of confrontation consists in avoiding the secret and inquisitorial methods of trial and in granting the defendant the privilege of impugning and confronting the evidence presented against him by means of cross-examination. Rottschaefer, *Handbook of American Constitutional Law*, p. 795.

However, the right to cross-examine the witnesses against the defendant may be validly waived by defendant's counsel. *State* v. *Rouse*, 135 S. E. 641, 642, 5 Wigmore 52, § 1371, and pages 40, 45, § 1368, wherein the usefulness of waiving the exercise of the right to cross-examine in certain cases is pointed out.

Undoubtedly, when the accused has exercised the opportunity, in a preliminary proceeding or prior to trial, to be confronted with and to cross-examine the witnesses against him, he may validly waive, subsequently, such right at the trial of the case on the merits. *Díaz* v. *U. S.*, 223 U.S. 442; *People* v. *Wallin*, (Cal.) 215 P. 2d 1, 3; *People* v. *Young*,

224 P. 2d 46, 47; *People* v. *Dessauer*, 241 P. 2d 238, 241; *Commonwealth* v. *Petrillo*, 16 A. 2d 51; *Brown* v. *State*, 37 N.E. 2d 73, 77; *Kempa* v. *State*, 58 N.E. 2d 934; *Grove* v. *U. S.*, 3 F. 2d 965; 5 Wigmore 136, § 1398, and Annotations in 15 A.L.R. 495; 79 A.L.R. 1392, and 122 A.L.R. 425.

Even independently of whether the right to confrontation and cross-examination has been exercised in some prior proceeding, the attorney in representing the defendant may validly waive the privilege of confronting the witnesses for the prosecution, even by means of a stipulation as to the evidence. *People* v. *Malin*, 24 N.E. 2d 349, 350; *People* v. *Sheehan*, 95 N. E. 2d 878, 880, 881; *People* v. *Schultz Kuigliten*, 115 N. E. 140; *Bonar* v. *Commonwealth*, 202 S. W. 676; *State* v. *Harris*, 107 S. E. 466; *Fukunaga* v. *Territory of Hawaii*, 33 F. 2d 396; *Territory* v. *Yamba*, 37 Hawaii Reports 477.[4]

If the waiver of the right to cross-examine made by counsel for the defense is valid, that implies the validity of waiver of mere confrontation, for, as we have seen, cross-examination is the essential purpose of the confrontation.

■ From another point of view, the act or omission of an attorney generally binds his client. 7 C.J.S. 896 *et seq.*, §§ 79 and 80; *Denberry* v. *Commonwealth*, 44 S. W. 2d 1076, 1081; *Ohlquest* v. *Farwell*, 32 N. W. 277; *In re Level Club*, 46 F. 2d 1002, 1004. For example, counsel may withdraw a motion for new trial even in the absence of the defendant, *Abney* v. *State*, 169 S. W. 539, and may waive a speedy trial, *State* v. *Turlok*, 248 Pac. 169, 174, and he may accept a special instruction, *Jacob* v. *State*, 213 S. W. 628.[5]

---

[4] The courts of Texas and Maryland have refused to allow the right of confrontation to be waived by a stipulation. 23 Southern California Law Review 268. See also the case of *People* v. *Timmons* (Michigan) 2 N. W. 2d 804. We prefer the majority rule which allows such waiver. Incidentally, in 1948, Texas adopted the doctrine which permits the waiver of such a right by a stipulation. *Villarreal* v. *State*, 214 S. W. 2d 464.

[5] The situation is different if the attorney was drunk. *State* v. *Keller*, 223 N. W. 698.

In the 'instant case, counsel for the defense thought it desirable to stipulate as to the evidence for the prosecution and to offer evidence in their defense. As stated in the case of *Graham* v. *Squier*, 132 F. 2d 681, 685, "A man should not, through his attorney, allow certain evidence to be introduced without objection with the hope that it will help him, and then if the result of the jury's verdict is adverse say he did not have a fair trial."

The judgments appealed from will be affirmed.