[Crim. No. 7031.   Second Dist., Div. One.   July 29, 1960.]

THE PEOPLE, Respondent, v. ERNIE D. CANDIOTTO, Appellant.

Joseph T. Forno for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Ernest E. Sanchez, Deputy Attorney General, for Respondent.

LILLIE, J.—Defendant was convicted by a jury of three counts of receiving stolen goods in violation of section 496, Penal Code; he admitted a prior felony conviction charged in the information. An application for probation was denied and defendant was sentenced to state's prison for the prescribed term. He appeals from the judgment.

The uncontradicted evidence shows that the property in question, consisting of furs, silverware and miscellaneous household articles, was taken by one Hemensley from the homes of the respective owners named in each count during a series of burglaries. Hemensley testified for the prosecution; the sole contention on appeal is that the judgment of conviction was obtained ''on the testimony of a man who obviously perjured himself,'' referring to Hemensley. In this connection and prior to the filing of his opening brief, appellant made application to this court for leave to produce additional evidence (rule 23b, Rules on Appeal) assertedly contradictory of Hemensley's testimony upon the trial that the prosecution had given him no consideration for his appearance as a witness and that prior to the burglaries just mentioned he had ''led a reasonably honest life''; since a jury trial was not waived, this application was opposed by the attorney general (*People* v. *Benford,* 53 Cal.2d 1, 7 [345 P.2d 928]) and by this court denied. However, we conclude, wholly apart from the challenged testimony, that there is a sufficiency of evidence in the record before us to support the judgment.

█ █ To constitute the offense denounced in section 496, Penal Code, there must be proof that (1) the property found in the possession of the accused was acquired by means of theft or extortion; (2) the accused received, concealed or withheld such property from its owners; and (3) the accused knew that the property was stolen (*People* v. *Scaggs,* 153 Cal.App. 2d 339, 352 [314 P.2d 793]). █ The first of the three elements just mentioned was established by the testimony of the parties whose homes had been burglarized, each of whom identified certain of the articles stolen from their respective residences. Next, there was evidence that articles taken from the residences burglarized were found in appellant's possession, actual or constructive; thus, a silver tea service (Count I) was found in appellant's apartment, while certain furs (Counts II and III) were located by the police under a parachute cover in his garage. █ Physical possession of the property in the accused is not necessary to constitute receipt of stolen goods if they were concealed on his premises by

others with his knowledge or consent (*People* v. *Rossi,* 15 Cal. App.2d 180, 182 [59 P.2d 206] ; *People* v. *Scott,* 108 Cal.App. 2d 231, 233, 234 [238 P.2d 659]). ▮ Also, appellant told the police: "He (Hemensley) gave me the silver service, the furs, and the coffee pot and some cuff links, but he gave them to me as gifts. I knew they were stolen, but he still gave them to me." Not only may the third element of the crime, knowledge of the stolen character of the goods, be inferred circumstantially (*People* v. *Lyons,* 50 Cal.2d 245, 258 [324 P.2d 556]), but appellant's above admission (the worth of which was for the jury) was also probative of that fact. (*People* v. *Young,* 100 Cal.App.2d 488, 489 [224 P.2d 46]).

Appellant's entire brief is confined to the asserted perjury of Hemensley; in fairness to counsel, however, it was filed contemporaneously with an application to produce additional evidence purportedly in support of the position advanced. ▮ Inasmuch as such application was denied, the matters argued by appellant are outside of the record and may not be considered on appeal (*People* v. *Croft,* 134 Cal.App.2d 800, 804 [286 P.2d 479]). ▮ Furthermore, evidence of the perjury of a witness is not properly brought up by way of appeal (*People* v. *Bell,* 138 Cal.App.2d 7, 15 [291 P.2d 150]) and no satisfactory showing has been made for appellant's failure in this regard to avail himself of the appropriate remedies afforded by law.

The judgment is affirmed.

Wood, P. J., and Fourt, J., concurred.