[Crim. No. 6259.   Second Dist., Div. Two.   Jan. 27, 1966.]

THE  PEOPLE,  Plaintiff  and  Respondent,  v.  WARREN PAUL BEGHTEL, Defendant and Appellant.

C. Donald McBride and David P. Weaver, Jr., for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Walter R. Jones, Deputy Attorney General, for Plaintiff and Respondent.

HERNDON, J.—This case now comes before this court for the second time, having once been decided in *People* v. *Beghtel,* 164 Cal.App.2d 294 [330 P.2d 444], filed October 16, 1958. We denied a rehearing November 5, 1958, and our Supreme Court denied a hearing on December 10, 1958. Appellant's petition for a writ of certiorari to the United States Supreme Court was denied by that court on March 2, 1959. (*Beghtel* v. *California,* 359 U.S. 930 [79 S.Ct. 615, 3 L.Ed.2d 632].) Nevertheless, on July 1, 1965, we entered our order recalling the remittitur filed herein by reason of the dictate of *Douglas* v. *California,* 372 U.S. 353 [83 S.Ct. 814, 9 L.Ed.2d 811].

Counsel representing appellant on the instant appeal have performed their duties in an extremely conscientious and workmanlike fashion. However, by way of assignment of error they have been able to suggest only (1) insufficiency of the evidence to support the judgment, and (2) violation of the rule enunciated in *Griffin* v. *California,* 380 U.S. 609 [85 S.Ct. 1229, 14 L.Ed.2d 106].

Our prior opinion herein fully sets forth the facts and our reasons for rejecting the claim of insufficiency of the evidence. Since no purpose would be served by their repetition, we adopt the prior opinion in full as constituting to the extent thereof the present opinion of this court.

We consider appellant's arguments regarding the applicability of the recent decision in *Griffin* as being equally unmeritorious. The augmented record on this point reports the following:

"THE COURT: People versus Beghtel. MR. POWERS: Waive opening argument, your Honor. (Unrecorded argument offered by Mr. Malmuth.) MR. POWERS: Well, the physical evidence, may it please the Court, tied in with the time element, and the distance, to this extent, the arresting officer, Mr. Stapleton, testifies at approximately 9:05 p.m. the crime took place approximately. On cross-examination the time was 8:45, and then the witness said between 8:30 and 9:00. We tie this defendant in with the get-away, to the extent that he is driving a car; no explanation by him as to how he happened to meet this defendant or drive. There couldn't conceivably be any other theory except they were together at the time. You have money scattered indiscriminately about the car, including the front of the car, in which this defendant was driving. An opportunity was given him for explanation; he gave none. The gun was found at the time; bullets were found. An oppor-

tunity was offered then, as was now, for an explanation. None was given. You have a very direct statement as far as the corpus delicti is concerned. Obviously a car was used to get that particular distance away; this defendant was driving the car, and where he is afforded the opportunity to explain, and he doesn't, even though it is not in the nature of an accusatory statement because obviously the officers don't know of the commission of the robbery. I would say we at least had tied it in to such an extent that the explanation would be called for. It would seem to me, your Honor, that under all the circumstances this defendant driving a car obviously in a getaway, he at least must face the burden of proof of making an explanation which he hasn't done. People submit. I will submit the matter as to Count I because of the fact there has been a plea as to the other defendant.

"THE COURT: The other defendant did not plead as to Count II, did he? MR. POWERS: No, he pleaded to Count I. THE COURT: I think Mr. Powers has correctly stated it. He is the only person who could overcome the testimony, and the defendant chose to keep silent, which is his right, but he is the only person who could penetrate the darkness. Find the defendant guilty of Count I of the Information. THE DEFENDANT: Nobody asked me to take the stand, your Honor. I am perfectly willing. THE COURT: You have counsel. THE DEFENDANT: I told him I want to take the stand; he wouldn't go for it. THE COURT: He is the man in charge of your defense. He runs the case the way he thinks it is for your best interest."

Quite apart from the fact that our Supreme Court has held that the error described in *Griffin* is subject to the application of article VI, section 4½ of our Constitution (*In re Gaines,* 63 Cal.2d 234, 238 [45 Cal.Rptr. 865, 404 P.2d 473]; *People* v. *Teale,* 63 Cal.2d 178, 196-197 [45 Cal. Rptr. 729, 404 P.2d 209]; *People* v. *Bostick,* 62 Cal.2d 820, 823 [44 Cal.Rptr. 649, 402 P.2d 529]), we do not believe that error of the variety dealt with in *Griffin* is here present. *Griffin* dealt with California's practice of permitting the prosecution to comment upon, and the court's instructing a jury as to the inferences to be drawn from, a defendant's exercise of the privilege guaranteed him by the Fifth Amendment to the United States Constitution.

A reading of the brief argument made by the prosecution as above set forth reveals that it consisted almost entirely of a summary of the direct evidence with emphasis upon its strongly incriminating effect. The trial court was

never specifically urged to draw *an inference* of guilt *from appellant's failure to testify* at the time of trial. The prosecuting attorney, in effect, did no more than argue that inasmuch as the People's case in chief was sufficient to sustain a conviction, and no defense having been presented, a conviction should occur.

Similarly, the comment of the trial court indicated nothing more than its proper conclusion that the evidence introduced by the prosecution standing alone compelled a determination of guilt, i.e., the prosecution had met their burden of proving appellant guilty beyond a reasonable doubt. (Pen. Code, § 1096.) Therefore, since appellant had exercised his right to produce nothing by way of defense so that there was no evidence before the court tending to overcome the prosecution's case, an adjudication of guilt should be made.

In addition, even if it were to be assumed that the brief comment of the trial judge did imply that he was drawing an adverse inference from appellant's failure in any fashion or at any time to deny or explain the facts so peculiarly within his personal knowledge, the decision in *Griffin* does not prohibit the indulgence of such an inference per se. The court in *Griffin* stated, 14 L.Ed.2d 106, 110:

"It is said, however, that the inference of guilt for failure to testify as to facts peculiarly within the accused's knowledge is in any event natural and irresistible, and that comment on the failure does not magnify that inference into a penalty for asserting a constitutional privilege. [Citation.] *What the jury may infer given no help from the court is one thing.* What they may infer when the court *solemnizes the silence* of the accused *into evidence against him* is quite another." (Italics added.)

Similarly our Supreme Court, in discussing the question of the retroactive application in *Griffin,* stated: "*Moreover, the jury would in any event often draw an adverse inference* whether or not the court commented on defendant's failure to testify, and in some cases the comments might realistically aid the defendant by preventing the jury from attributing unwarranted weight to his failure to testify. Thus, the comment, just as illegally seized evidence, 'may well have had no effect on the outcome' of past cases." (Italics added.) (*In re Gaines,* 63 Cal.2d at pp. 234, 239.)

In sum, it seems quite clear that the rule enunciated in *Griffin* was not intended to require that the trier of the fact, whether judge or jury, be immunized against any dictate of

plain reason. "There is no war between the Constitution and common sense." (*Mapp* v. *Ohio*, 367 U.S. 643, 657 [81 S.Ct. 1684, 6 L.Ed.2d 1081, 84 A.L.R.2d 933].) Rather, the purpose of the *Griffin* rule is to prevent a citizen's exercise of his constitutional privilege from being judicially emphasized as affirmative evidence to be used against him. Thus, the rationale of *Griffin* also has been held to prevent the use against an accused of his silence in the face of accusatory statements made to him following his arrest when his failure to reply properly may be deemed an assertion of his privilege, although he has not expressly claimed such privilege. (*People* v. *Cockrell*, 63 Cal.2d 659, 669-670 [47 Cal.Rptr. 788, 408 P.2d 116].)

Finally, even if we were to assume that the prosecution should not have called to the court's attention the obvious fact that appellant had offered no explanation, either through his own testimony or that of others, of his presence behind the wheel of a "get-away" car so richly laden with loot, masks and a gun, nevertheless we could not reasonably hold that in the absence of such comment, addressed to an experienced and learned trial judge, a result more favorable to appellant was reasonably probable in view of the entire record. (*People* v. *Cockrell, supra,* 63 Cal.2d 659, 670; *People* v. *Cotter,* 63 Cal.2d 386, 399 [46 Cal.Rptr. 622, 405 P.2d 862]; *People* v. *Teale, supra,* 63 Cal.2d 178, 197; *People* v. *Watson,* 46 Cal.2d 818, 836 [299 P.2d 243].)

The judgment is affirmed.

Roth, P. J., and Fleming, J., concurred.