[Crim. No. 14059. Second Dist., Div. One. Dec. 23, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. DELANO GRANT, Defendant and Appellant.

Maxwell S. Keith, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Thomas E. Warriner, Deputy Attorney General, for Plaintiff and Respondent.

LILLIE, J.—In count I defendant was charged with grand theft, auto (§ 487, Pen. Code) and count II with receiving stolen property (§ 496, Pen. Code); the information also alleged two prior felony convictions—robbery and escape. Prior to trial defendant admitted the truth of the second alleged prior (escape); the first was stricken. A jury found defendant guilty of receiving stolen property (count II) and not guilty on count I. He appeals from the judgment and order denying his motion for new trial. The appeal from the order is dismissed.

On April 10, 1966, a 1965 Corvette with identification or engine number ending S120741 was stolen from Deena Rosen in Los Angeles. Three or four months later she identified the body at a tow yard either in Compton or Long Beach where she had gone at the request of the sheriff's department. Her car had been stripped and the engine, transmission, seats, radio, steering wheel, stereo tape recorder, stereo tapes, tires, gauges, console, including the shift lever and the boot were missing. Miss Rosen, employed by Car Craft Magazine, was familiar with Corvette parts and their value and estimated the value of the engine to be approximately $400, the transmission $150 to $225 and the bucket seats between $100 and $150 apiece. In December 1966 she saw the bucket seats at West-

minster Police Department at which time she recovered some of the ''things'' from her car.

On the issue of probable cause Officer Wycoff, Westminster Police Department, testified that at the station he had been advised there was a warrant outstanding for the driver of a red 1955 Chevrolet. On October 15, 1966, he was answering a call concerning illegal soliciting; when he arrived at the parking lot he saw defendant enter a red 1955 Chevrolet. He took the license number, drove out of the parking lot and ran a record check on defendant's vehicle. While he was awaiting the results defendant started his car and proceeded to back out of the parking lot, at which time the officer received information there was a felony warrant outstanding and that the car was stolen. The officer then proceeded to pursue defendant and stopped and arrested him. The information concerning the warrant and the stolen vehicle had been received from a police dispatcher; a telephone check made with the Firestone sheriff's office advised they did not seek the car as a stolen vehicle but wanted to impound it for purposes of investigation. Before Officer Wycoff took defendant to the station he checked about the information given to him at the station; he was advised that defendant was wanted by the Firestone sheriff's office on a warrant for burglary. He was also supplied with a description of the individual named in the warrant as well as his name; the person named was Delano Grant. Defendant identified himself to Officer Wycoff as Delano Grant.

The red 1955 Chevrolet in which defendant was arrested had Corvette type seats, a Corvette type steering wheel, gauges marked Corvette and a small black console of the type found in Corvettes. The vehicle was registered to defendant. After it was impounded Officer Wycoff checked the motor number and observed the last digit had been stricken out. He checked the transmission number which was 120741.

Sergeant Graf, Los Angeles County sheriff's office, testified he had investigated between 100 and 150 cases of auto theft, approximately 50 of which involved Corvettes; he is familiar with the Corvette; the transmission and engine have the same number which is unique to one Corvette automobile; the body of the Corvette has the same identification number as the engine and transmission; he examined a 1955 Chevrolet at Westminster police station; the last digit of the identification number of the engine was obliterated by what he thought to be a chisel; by using a combination of acid and heat the number was raised and determined to be ''1''; the

full number was 120741; the transmission had the same number; the transmission was out of a Corvette; the Chevrolet had bucket seats from a 1965 Corvette; the steering wheel was a Corvette steering wheel made of simulated wood, and the vehicle had Corvette type instrumentation and a 1965 Corvette console; the engine was valued at approximately $350, the transmission between $160 and $225; and the bucket seats would cost new approximately $300.

Defendant did not testify and offered no defense.

The information originally alleged the place of the offense charged in count II to be "Los Angeles County"; on the motion of the People it was amended by substituting therefor, "Orange County." Appellant contends that the Superior Court of Los Angeles County had no jurisdiction to try him for receiving stolen property "where the information alleged the offense in Orange County, and where the evidence itself was insufficient to show the offense, if any, took place in Los Angeles County"; he claims that the latter was conceded by the People in moving to amend the information to allege that the offense was committed in Orange County.

Under section 777, Penal Code, the Los Angeles County Superior Court had jurisdiction over the grand theft auto charge (count I) since Miss Rosen testified that the Corvette was stolen from her apartment located in Los Angeles County. Under section 781, Penal Code,[1] the Los Angeles Superior Court had jurisdiction over the receiving stolen property charge (count II) since the evidence supports the inference that defendant received the parts from the stolen Corvette in Los Angeles County. ▮ Jurisdiction in criminal cases may be shown through circumstantial evidence (*People* v. *Hill,* 2 Cal.App.2d 141, 150-151 [37 P.2d 849]) and the facts supporting jurisdiction need not be shown beyond a reasonable doubt. (*People* v. *Carter,* 10 Cal.App.2d 387, 389 [52 P.2d 294].) Without recounting the evidence we conclude that therefrom the inference is reasonable that defendant received the stolen goods in Los Angeles County, the place of the theft of the Corvette, and transported them to the place where he was arrested in Orange County.

---

[1]Section 781, Penal Code, provides: "When a public offense is committed in part in one jurisdictional territory and in part in another, or the acts or effects thereof constituting or requisite to the consummation of the offense occur in two or more jurisdictional territories, the jurisdiction of such offense is in any competent court within either jurisdictional territory."

Appellant claims that the prosecutor committed reversible error in arguing to the jury that his (defendant's) knowledge that the Corvette parts were stolen was proved by his failure to produce witnesses to show his lack of guilty knowledge. In a rather lengthy argument on the evidence the prosecutor stated to the jury: "I am going to refer to the evidence that I have put in in this trial, and I am going to make some remarks about the lack of certain Defense evidence. . . .

"The Court will instruct you that the Defendant has a constitutional right not to be a witness against himself, not to testify unless he wants to, and you are not to consider the fact that he did not testify, and I am not going to touch on it.

"That is out of the case, but that doesn't give him the right not to produce certain other evidence or witnesses, I mean, which I will refer to in a minute. . . ." [circumstances pointing to defendant's knowledge that the Corvette parts and engine were stolen was discussed, then as to the engine and "attempt to conceal the number," he continued] "this is evidence of the defendant's knowledge that it was stolen; but the biggest, the most convincing proof, that the Defendant knew this was a hot engine, the most convincing witness of all is the witness who never took the stand. I was waiting as I am sure you were, anxiously. . . . [ a motion was made and after some argument overruled] I was waiting anxiously, and perhaps you were, too, for the witness, the prime Defense witness to take the stand. And who would that be? Naturally that would be the person from whom the defendant would have legitimately purchased or received as a gift these particular auto parts." Appellant contends that while the prosecutor refrained from explicitly commenting on his failure to take the stand he really violated the rule of *Griffin* v. *California*, 380 U.S. 609 [14 L.Ed.2d 106, 85 S.Ct. 1229], without "actually cheating."

*Griffin* dealt with California's practice of permitting the prosecution to comment upon, and the court's instructing the jury as to the inferences to be drawn from a defendant's exercise of the privilege guaranteed him by the Fifth Amendment to the United States Constitution. Here the prosecutor specifically complied with the mandate of *Griffin* but did argue and properly so, that the People's evidence—detailing the same—was sufficient to sustain a conviction of receiving stolen property, and no defense evidence having been presented that defendant did not know "this was a hot engine," the jury should convict him. The prosecutor told the jury, and

the trial judge specifically instructed it, that neither the prosecution nor the defense is required to call as witnesses all persons who are shown to have been present or who may appear to have some knowledge of the matters in question. █ Of course there is no duty on the part of either party to call all possible witnesses who might be competent to testify but ''a logical witness may be the subject of comment when not called'' (*People* v. *Carter*, 192 Cal.App.2d 648, 662 [13 Cal. Rptr. 541]) and it is permissible to refer generally to the failure of the defense to offer any evidence in opposition to the People's case. (*People* v. *Reyes*, 133 Cal.App. 574, 577 [24 P.2d 531].) While *Griffin* v. *California*, 380 U.S. 609, 613-618 [14 L.Ed.2d 106, 109-111, 85 S.Ct. 1229], prohibits reference to defendant's failure to take the stand in his own defense, it does not overrule decisions which permit comments on the failure of the defense to introduce material evidence. (See *People* v. *Beghtel*, 239 Cal.App.2d 692, 695 [49 Cal.Rptr. 235].) Finally, as the record stands, even were we to assume that the prosecutor should not have called to the jury's attention the obvious fact that defendant offered no explanation through ''other evidence or witnesses'' of his possession of ''a hot engine'' under circumstances pointing to his knowledge that the engine was stolen, we cannot say that the comment resulted in a miscarriage of justice which would require a reversal of the judgment. Even were it error, in the light of the entire evidence we are ''able to declare a belief that it was harmless beyond a reasonable doubt.'' (*Chapman* v. *California*, 386 U.S. 18, 24 [17 L.Ed.2d 705, 710, 87 S.Ct. 824].)

Appellant contends that the evidence was insufficient as a matter of law to support the conviction of receiving stolen property. █ ''To constitute the offense denounced in section 496, Penal Code, there must be proof that (1) the property found in the possession of the accused was acquired by means of theft or extortion; (2) the accused received, concealed or withheld such property from its owners; and (3) the accused knew that the property was stolen (*People* v. *Scaggs*, 153 Cal.App.2d 339, 352 [314 P.2d 793]).'' (*People* v. *Candiotto*, 183 Cal.App.2d 348, 349 [6 Cal.Rptr. 876].) █ The first of the foregoing three elements was established by the testimony of Deena Rosen whose 1965 Corvette, identification number 120741, was stolen and subsequently stripped. The second was established by the testimony of Officer Wycoff that defendant was arrested in a 1955 Chevrolet owned by

him containing a 1965 Corvette engine bearing identification number 120741, Corvette transmission and various other Corvette accessories which, according to Sergeant Graf, were taken from the 1965 Corvette stolen from Deena Rosen. The third element, knowledge of the stolen character of the engine and parts, may be inferred from the circumstances. (*People* v. *Lyons,* 50 Cal.2d 245, 258 [324 P.2d 556].) Here the inference that defendant knew the engine and parts were stolen finds support in a combination of suspicious circumstances: The amount of stolen property found in defendant's possession was substantial and installation of the engine required the specialized service of a mechanic the cost of which is not minimal. The last digit of the identification number printed on the Corvette engine in the Chevrolet was obliterated probably by a chisel, which points to a deliberate attempt to avoid identification. (*People* v. *Gould,* 111 Cal.App.2d 1, 6, 8 [243 P.2d 809].) The stolen engine and Corvette parts were installed in a vehicle which is disproportionately low in value. Defendant's 1955 Chevrolet was worth only between $150 and $200; installed therein where the Corvette engine, transmission, steering wheel, console and gauges, the total value of which amounted to nearly $1,000. This is a substantial amount of money to be invested in a $150 car unless defendant himself stole the Corvette or he paid but a fraction of the value of the parts. This raises an issue of inadequate payment for the parts installed. (See *People* v. *Malouf,* 135 Cal.App.2d 697, 706 [287 P.2d 834].)

Finally, appellant claims that evidence of the missing Corvette parts found in his car was inadmissible because he was not lawfully arrested. Citing *People* v. *Sesslin,* 68 Cal.2d 418 [67 Cal.Rptr. 409, 439 P.2d 321], he argues that his arrest was invalid since the warrant which provided the basis therefor was probably not based on an affidavit alleging sufficient facts upon which the magistrate could conclude probable cause exists therefor. Appellant has failed to properly demonstrate that the language of the affidavit providing the basis for the first warrant would not have provided sufficient probable cause for its issuance; the affidavit is not in the record and we cannot speculate what it might have contained. However, appellant asserts that through his counsel he made "an independent search of the criminal records of the Los Angeles County Superior Court" and discovered that the felony complaint underlying the warrant for his arrest does not meet the *Sesslin* test, and attaches a copy thereof to his brief as Exhibit "A."

Inasmuch as the felony complaint is not a part of the record and the same is not properly before us (*People* v. *Justice*, 167 Cal.App.2d 616, 622 [334 P.2d 1031] ; *People* v. *Mike*, 163 Cal.App.2d 466, 468 [329 P.2d 519]), we refrain from further discussion of the point raised by appellant.

The judgment is affirmed.

Wood, J., and Fourt, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 19, 1969.