[Crim. No. 2547.   Fourth Dist., Div. Two.   Aug. 14, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. DONALD LEWIS HORRIGAN, Defendant and Appellant.

George S. Smiley, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Bruce Wm. Dobbs, Deputy Attorney General, for Plaintiff and Respondent.

McCABE, P. J.—We have concluded that the admission of evidence of other offenses was not error requiring reversal and the court is not required to give CALJIC 51 (revised), *sua sponte.*

About midnight, October 17, 1965, Steve Jackson, an employee of "Jack-In-The-Box," a food dispensing establishment on South Manchester Avenue, County of Orange, was robbed by defendant of $222 at gun point. Defendant was charged and convicted of the crime.

■ Evidence of other offenses with similar surrounding factors to the charged crime was admitted without objection by defendant. Unless there be an objection by defendant there is no duty upon the trial court to refuse the testimony. (*People* v. *Williams,* 53 Cal.2d 299, 304 [1 Cal.Rptr. 321, 347 P.2d 665].) The California rule as to the admissibility of other offenses is clearly delineated in *People* v. *Sanders,* 114 Cal. 216, 230 [46 P. 153]; *People* v. *Griffin,* 66 Cal.2d 459, 465 [58 Cal.Rptr. 107, 426 P.2d 507]; *People* v. *Kelley,* 66 Cal.2d 232, 238-240 [57 Cal.Rptr. 363, 424 P.2d 947]; *People* v. *Coefield,* 37 Cal.2d 865, 869-870 [236 P.2d 570]; *People* v. *Peete,* 28 Cal.2d 306, 315-316 [169 P.2d 924], cert. den. 329 U.S. 790 [91 L.Ed. 677, 67 S.Ct. 356]. Since the evidence was otherwise legally admissible under the general principles enunciated in these cases, defendant cannot now successfully premise an attack upon his trial counsel for inadequacy because he failed to object to the evidence being admitted.

■ Upon certain evidence being admitted as to defendant's past activities at and during his employment, defendant's counsel immediately made a motion to strike it from the record with a request for an admonition to the jury. The court granted the motion and fully admonished the jury to disregard the testimony. The evidence in this case is of such quality and quantity that the error in admitting the evidence could have had no effect upon the jury. We conclude it is not reasonably possible or probable that a different verdict would have been returned by the jury had the excluded evidence not been heard by the jury. (*People* v. *Watson,* 46 Cal.2d 818 [299 P.2d 243]; *Fahy* v. *Connecticut,* 375 U.S. 85 [11 L.Ed.2d 17, 84 S.Ct. 229].) Beyond a reasonable doubt the error, if such it be, did not influence the jury in arriving at its verdict. (*Chapman* v. *California,* 386 U.S. 18 [17 L.Ed.2d 705, 87 S.Ct. 824].)

The evidence of the guilt of defendant was so compelling that the striking of the evidence together with the admonition

was sufficient to overcome any effect it may have had upon the jury. (*People* v. *Sciterle*, 59 Cal.2d 703, 710 [31 Cal.Rptr. 67, 381 P.2d 947], cert. den. 375 U.S. 887 [11 L.Ed.2d 116, 84 S.Ct. 163]; *People* v. *Duncan*, 53 Cal.2d 803, 818 [3 Cal.Rptr. 351, 350 P.2d 103], cert. dism. 366 U.S. 417 [6 L.Ed.2d 380, 81 S.Ct. 1355].)

■ A question arises whether an instruction to the jury is required *sua sponte*. Defendant offered CALJIC 51 (revised), though it was withdrawn by the defendant after offering it. CALJIC 51 (revised), reads: "DEFENDANT NOT TESTIFYING— NO INFERENCE OF GUILT MAY BE DRAWN.

"It is a constitutional right of a defendant in a criminal trial that he may not be compelled to testify. Thus, the decision as to whether he should testify is left to the defendant, acting with the advice and assistance of his attorney. You must not draw any inference of guilt from the fact that he does not testify, nor should this fact be discussed by you or enter into your deliberations in any way."

The "comment" and instruction reviewed in *Griffin* v. *California*, 380 U.S. 609 [14 L.Ed.2d 106, 85 S.Ct. 1229], violated the Fifth Amendment which applies through the Fourteenth Amendment to state proceedings. However, in *Griffin, supra,* the condemnation was so premised because the California Constitution, article I, section 13, and the comment and instruction allowed thereunder permitted an inference of guilt of defendant when he failed to take the witness stand. Under such comment or instruction the defendant was penalized for his failure to take the witness stand contrary to the constitutional provision against self-incrimination. As we read *Griffin, supra,* the defendant has a constitutional right against self-incrimination which he may exercise by not taking the witness stand. The California constitutional provision allowed the submission to the jury of evidence, by an inference, because of his failure to take the witness stand, thus violative of defendant's constitutional right guaranteed to him by the Fifth Amendment. In *Griffin, supra,* the court concluded defendant's constitutional rights were violated by "either comment by the prosecution on the accused's silence or *instructions* by the court that such silence is evidence of guilt." (Italics added.)

We find no California case determinative of this point on the present instruction CALJIC 51 (revised), which contained instructional verbiage somewhat different from that

condemned in *Griffin, supra*. In *People* v. *Graham*, 251 Cal. App.2d 513, 518 [59 Cal.Rptr 577], defendant postulated on appeal he was denied a fair trial because the court did not give CALJIC 51 (revised), *sua sponte*. The Court of Appeal did not decide the issue since it found that the failure of the court to give the instruction, even though it might be error, was not prejudicial since the proof of guilt was so "strong" that no different result was reasonably possible. *Graham, supra,* was decided after *Chapman* v. *California*, 386 U.S. 18 [17 L.Ed.2d 705, 87 S.Ct. 824].

We must disagree with some of the reasoning in *Graham, supra,* which might be construed as not requiring the giving of the instruction, *sua sponte,* if the evidence of proof of guilt was "strong" leaving the illation that it might be prejudicial error to fail to give it, *sua sponte,* when the evidence is less than "strong."

Many of the vices pointed up in *Griffin, supra,* and *Chapman, supra,* remain in CALJIC 51 (revised). Without enumerating the totality of these vices, one paramount evil is the effect in pointing up to the jury the absence of a prime witness from the witness stand. As has been stated in many cases there are numerous reasons why a defendant may exercise his constitutional rights for not becoming a witness. Whatever the jurors may think, without the CALJIC Instruction 51 (revised), or similar instruction, about the absence of the defendant as a witness is too conjectural for consideration here but it is not conjectural as to what they could and probably would think and take into consideration if the judge, without request of defendant, injected this feature into the case by giving such an instruction. The jury, not otherwise focused to a situation, is so directed to it by the instruction given *sua sponte* by the court. We cannot but formulate a conclusion that this, the giving of such an instruction *sua sponte,* is a constitutionally proportioned invasion of and a violation of the rights of defendant.

Defendant offered the instruction, then withdrew it and now insists on this appeal that regardless of his offer and withdrawal, it is mandatory for the court to give the instruction.

It is not before us to decide whether defendant may, personally, as he may other rights, waive the right. He has not done so on the facts before us.

In *Bruno* v. *United States*, 308 U.S. 287 [84 L.Ed. 257, 60 S.Ct. 198], the Supreme Court had before it for consideration

a then federally sanctioned jury instruction stating that the defendant had an election as to whether he would take the witness stand and when he does his credibility was to be tested by his intent and therefore a matter which might seriously affect credence to be given his testimony. To counter this effect of such an instruction defendant requested an instruction to the jury that his failure to become a witness should not raise a presumption against him and the jury "must not permit that fact to weigh in the slightest degree against any such defendant, nor should this fact enter into the discussions or deliberations of the jury in any manner." From *Bruno, supra,* it is obvious the Congress of the United States had enacted a statute granting to defendant the right to request and have given an instruction almost in identical language as that in CALJIC 51 (revised). Because, legislatively, the Congress had so granted, the Supreme Court in *Bruno, supra,* reversed the trial court for its failure to give defendant's requested and legislatively approved instruction to the jury.

In *Griffin, supra,* a state court case, the Supreme Court in a footnote referred to *Bruno, supra,* stating it reserved decision on whether an accused could require an instruction to the jury that his silence be disregarded.

Thus, it remains undecided whether in California a defendant may require, upon request, CALJIC 51 (revised), or like instruction. Unlike *Bruno, supra,* wherein there was legislative authority for giving it upon request, no such California authority is known to us.

We here do not decide whether, if the instruction were offered by a defendant and then given by the court, the error, if it be error, is invited and thus excused under the doctrine of *People* v. *Phillips,* 64 Cal.2d 574 [51 Cal.Rptr. 225, 414 P.2d 353], p. 580, fn. 4. (See also *People* v. *Alfreds,* 251 Cal. App.2d 666, 669 [59 Cal.Rptr. 647].)

It adds nothing to defendant's position that the trial judge, subsequent to the defendant having withdrawn the instruction, wrote on it "Refused as covered." None of the other instructions or a combination of them "covered" the subject. The subject matter of defendant's absence from the witness stand should not have been "covered" at least absent some affirmative act on the part of defendant to personally waive his constitutional right in this particular.

Judgment affirmed.

Kerrigan, J., and Thompson (Raymond), J. pro tem.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 11, 1967.

*Assigned by the Chairman of the Judicial Council.