264 Cal.App.2d 206 (1968)
THE PEOPLE, Plaintiff and Respondent,
v.
ARTHUR A. HERNANDEZ, Defendant and Appellant.
Crim. No. 14793. 
California Court of Appeals. Second Dist., Div. One. 
July 22, 1968.
 Kathleen J. Kirkland, under appointment by the Court of Appeal, for Defendant and Appellant.
 Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Dannie H. Spence, Deputy Attorney General, for Plaintiff and Respondent.
 LILLIE, J.
 A jury found defendant guilty of receiving stolen property ( 496, Pen. Code), and two prior felony convictions, as alleged, to be true. He appeals from the judgment.
 Around 7 p.m. on March 3, 1967, Albert A. Acosta and Robert Longway, partners in a construction business, each drove his pickup truck to the Red Ox Bar; on the open bed of Longway's truck was a generator worth approximately $400. In the bar they saw defendant and one Garcia. Shortly after they drove away, Longway stopped at a dairy to get some milk; he looked in the back of his truck and found the generator to be missing.
 On the evening of March 5, 1967, Acosta and an employee, Mike Prieto, entered the Red Ox Bar; Acosta went there for the purpose of trying to find the generator. Defendant and Garcia were in the bar. Acosta was playing a few games of pool and "all of a sudden" defendant came over and "offered" him a generator--defendant asked him what kind of work he did and Acosta told him construction work; defendant said he had something to sell him and, upon being asked what it was, said a power generator. Acosta said he would buy the generator, and he and Prieto followed defendant and Garcia from the bar to Garcia's garage. In the garage they found the generator belonging to Acosta and Longway. Acosta told defendant and Garcia he had to get some more money then left and telephoned the police; he and the officers then went to the Red Ox Bar where defendant and Garcia were arrested. The police returned the generator to Longway.
 No defense was offered on behalf of defendant.
 [1] Appellant claims that it was prejudicial error for the trial judge to give CALJIC 51 (1965 Rev.) [fn. 1] at the request of *208 the People. The record does not show any comment by the prosecutor on defendant's failure to testify, nor does appellant claim comment was made; his sole contention is that Griffin v. California, 380 U.S. 609 [14 L.Ed.2d. 106, 85 S.Ct. 1229] should be extended to preclude the giving of any jury instruction which refers to defendant's silence.
 Griffin v. California, 380 U.S. 609 [14 L.Ed.2d 106, 85 S.Ct. 1229] simply holds "that the Fifth Amendment, in its direct application to the Federal Government, and in its bearing on the States by reason of the Fourteenth Amendment, forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt." (Italics added; 380 U.S. at page 615 [14 L.Ed.2d at p. 110].) The purpose of the Griffin rule is to prevent a citizen's exercise of his constitutional privilege from being judicially emphasized as affirmative evidence against him. (People v. Beghtel, 239 Cal.App.2d 692, 696 [49 Cal.Rptr. 235]; People v. Gioviannini, 260 Cal.App.2d 597, 604 [67 Cal.Rptr. 303].) It is plain that the instruction given herein (CALJIC 51 [1965 Rev.]) is not of the variety dealt with in Griffin, supra (People v. Parker, 253 Cal.App.2d 567, 572- 573 [61 Cal.Rptr. 411]); and as yet the United States Supreme Court has not extended its holding in Griffin to preclude the giving of such instruction. [fn. 2]
 Various recent authorities have discussed whether it is error for the court, sua sponte, not to give CALJIC 51 (1965 Rev.) (People v. Elliott, 241 Cal.App.2d 659, 667-668 [50 Cal.Rptr. 757]; People v. Graham, 251 Cal.App.2d 513, 518-519 [59 Cal.Rptr. 577]; People v. Horrigan, 253 Cal.App.2d 519, 523 [61 Cal.Rptr. 403]), to give it on defendant's request (People v. Parker, 253 Cal.App.2d 567, 571-572 [61 Cal.Rptr. 411]; People v. Gioviannini, 260 Cal.App.2d 597, 606 [67 Cal.Rptr. 303]), to fail to give a similar instruction on defendant's request (Bruno v. United States, 308 U.S. 287 [84 L.Ed. 257, 60 S.Ct. 198] [fn. 3] and various federal cases), to *209 give it at the request of the People over the expressed objection of defendant (People v. Molano, 253 Cal.App.2d 841, 846- 847 [61 Cal.Rptr. 821]; People v. Northern, 256 Cal.App.2d 28, 30-31 [64 Cal.Rptr. 15]), and to give the instruction at the request of the People when not expressly objected to by defendant (People v. Mason, 259 Cal.App.2d 30, 41-42 [66 Cal.Rptr. 601]; see also People v. Brown, 253 Cal.App.2d 820, 830 [61 Cal.Rptr. 368]). Few cases reflect a definitive decision by the court but those that do are in direct conflict.
 The court in People v. Elliott (April 22, 1966) 241 Cal.App.2d 659 [50 Cal.Rptr. 757], did not decide the issue whether it was error for the trial court, sua sponte, not to instruct the jury on defendant's right to remain silent, but concluded that it was not reversible error in a situation where proof of guilt was strong and there was no miscarriage of justice (pp. 667-668). Nor was the issue determined in People v. Graham (June 1, 1967) 251 Cal.App.2d 513 [59 Cal.Rptr. 577]. Relying on Elliott, supra, the court said at pages 518-519: "We are not prepared to hold that a failure to give such an instruction in the absence of a request to do so constitutes an inevitable error. ... But if the failure to give such an instruction, sua sponte, is in fact an error, it would not follow that such an error would be automatically prejudicial." Graham is the subject of criticism in People v. Horrigan (August 14, 1967) 253 Cal.App.2d 519 [61 Cal.Rptr. 403]. There defendant offered CALJIC 51 (1965 Rev.) and later withdrew it; on appeal he claimed reversible error because the court, sua sponte, failed to give the instruction. The sole issue in this connection was whether the trial court on its own motion was required to give CALJIC 51 (1965 Rev.); in addition to concluding that it was not, the court speculated on a matter not before it making the gratuitous comment that it would have been error for the trial court to give such instruction pp. 522- 523). On August 15, 1967, this court decided People v. Parker, 253 Cal.App.2d 567 [61 Cal.Rptr. 411]. Parker did not testify on his own behalf and produced no evidence. During the prosecutor's opening argument he said, " ' "Now, Mr. Parker, where is his evidence? He produced no *210 evidence here at all that I can see." ' " (P. 571.) This resulted in a motion for mistrial which was denied, then a request of Parker's counsel that the jury be admonished to disregard the statement and agreement that the admonition "should be along the lines of the instruction" (CALJIC 51 [1965 Rev.]); the jury was so instructed. Appellant complained of the prosecutor's statement and the judge's comment by way of the instruction. We held that the prosecutor's statement did not constitute a comment on Parker's silence, and that Griffin v. California, 380 U.S. 609 [14 L.Ed.2d 106, 85 S.Ct. 1229], relied upon by appellant did not apply to the instruction. "Griffin, supra, had to do with the California practice of permitting the prosecution to comment upon, and the court's instructing a jury as to the inferences to be drawn from, a defendant's exercise of the privilege guaranteed him by the Fifth Amendment to the United States Constitution, and not with the facts here present. ... The conduct here is not of the variety dealt with in Griffin, supra." (P. 573.) However, we also held that even were we to assume that error was committed, in light of the evidence, it would not require a reversal of the judgment. (See also, People v. Gioviannini, 260 Cal.App.2d 597, 606 [67 Cal.Rptr. 303].)
 In sharp contrast with the court's dictum in People v. Horrigan, 253 Cal.App.2d 519, 523 [61 Cal.Rptr. 403], is the contrary holding in People v. Brown, 253 Cal.App.2d 820 [61 Cal.Rptr. 368], decided August 23, 1967. Appellant complained of the giving of an instruction similar [fn. 4] to the one at bench--the opinion does not reveal whether it was given on the court's own motion or at the request of the prosecution. The court held that it was not error to give it. "The judge carefully removed from CALJIC 51 (Rev. [original instruction]) any prejudicial wording. Furthermore, no reference was made in any of the oral arguments to the failure of defendant to take the stand. What was left was merely an accurate statement of the law, cautionary in nature, and which would serve to still the jury's unwarranted and unlimited *211 roaming at large in drawing such inferences as it will from the failure to testify."
 "The thrust of the Griffin decision was to prevent such silence from becoming part of the proof in the prosecution's case. This is what the given instruction sought to prevent." (P. 830.)
 The next day (August 24, 1967), the court in People v. Molano, 253 Cal.App.2d 841 [61 Cal.Rptr. 821], without mention, discussion or even recognition of California authorities, and relying solely upon a comment of Mr. Justice Douglas in his dissenting opinion in a case dealing not with the instruction in question but involving application of a statutory presumption of guilt where the accused fails to explain his presence at the site of an illegal distillery business (United States v. Gainey, 380 U.S. 63, 73 [13 L.Ed.2d 658, 674, 85 S.Ct. 754]), held it to be error to give CALJIC 51 (1965 Rev.) over the expressed objection of defendant because it calls the attention of the jury to the fact of defendant's silence (p. 847).
 As in most other prior cases, the court in People v. Northern, 256 Cal.App.2d 28 [64 Cal.Rptr. 15], invoked the prejudicial error rule and declined to determine whether the giving of the instruction at the request of the People was error. (Pp. 30-31.) Likewise, in People v. Mason, 259 Cal.App.2d 30 [66 Cal.Rptr. 601], after discussing some of the California authorities, the court, finding it unnecessary to decide if the giving of the instruction on request of the prosecution absent objection of the defendant was error, held that if it was, the same was not prejudicial. (Pp. 40-41.) The record before us does not disclose that in the court below defendant objected to the giving of CALJIC 51 (1965 Rev.); we agree with the court in Mason that it is immaterial whether defendant objects, expressly or impliedly. (259 Cal.App.2d at p. 41.)
 There are many and varied reasons for a defendant's failure to testify, none of which have anything to do with his guilt, among them, excessive timidity, nervousness, confusion, embarrassment, the fear of being compromised by association with others, and the danger of impeachment by introduction of prior convictions. Unfortunately these reasons more often than not are lost to lay jurors whose normal reaction, after hearing strong prosecution evidence against a defendant that he could reasonably be expected to explain or deny, is to consider his failure to do so as tending to indicate the truth *212 of such evidence; thus, in this case judicial comment such as CALJIC 51 (1965 Rev.) could do nothing but aid defendant by preventing the jury's "unwarranted and unlimited roaming at large" in drawing such inference. (People v. Brown, 253 Cal.App.2d 820, 830 [61 Cal.Rptr. 368].) The evidence is direct and the factual issues simple and clear-cut; defendant knew whether he was the person at the Red Ox Bar at the times in question, stole the generator from a pickup truck and subsequently attempted to sell it back to the owner.
 As the record stands, even were we to assume that it was error for the court to give the instruction, it cannot be said that the error resulted in a miscarriage of justice which would require a reversal of the judgment. We have examined the entire cause and in view of the overwhelming evidence of guilt, we are "able to declare a belief that it was harmless beyond a reasonable doubt." (Chapman v. California, 386 U.S. 18, 24 [17 L.Ed.2d 705, 710, 87 S.Ct. 824]; People v. Parker, 253 Cal.App.2d 567, 572 [61 Cal.Rptr. 411].)
 The judgment is affirmed.
 Wood, P. J., and Fourt, J., concurred.
 " 'In deciding whether or not to testify, the defendant may choose to rely on the state of the evidence, and upon the failure, if any, of the People to prove every essential element of the charge against him, and no lack of testimony on defendant's part will supply a failure of proof by the People." (253 Cal.App.2d at p. 830.)
NOTES
[fn. 1] 1. "It is a constitutional right of a defendant in a criminal trial that he may not be compelled to testify. Thus the decision as to whether he should testify is left to the defendant acting with the advice and assistance of his attorney. You must not draw any inference of guilt from the fact that he does not testify, nor should this fact be discussed by you or enter into your deliberations in any way."
[fn. 2] 2. "We reserve decision on whether an accused can require, as in Bruno v. United States, 308 U.S. 287 [84 L.Ed. 257, 60 S.Ct. 198], that the jury be instructed that his silence must be disregarded." (Griffin v. California, 380 U.S. 609, 615, footnote 6 [14 L.Ed.2d 106, 110, 85 S.Ct. 1229].)
[fn. 3] 3. The Supreme Court held it to be reversible error to refuse defendant's request to instruct the jury concerning his right to remain silent because a federal statute gives a defendant being tried in the federal court the right to invoke the following instruction: " 'The failure of any defendant to take the witness stand and testify in his own behalf, does not create any presumption against him; the jury is charged that it must not permit that fact to weigh in the slightest degree against any such defendant, nor should this fact enter into the discussions or deliberations of the jury in any manner.' " (Bruno v. United States, 308 U.S. 287, 291-292 [84 L.Ed. 257, 259, 60 S.Ct. 198].)
[fn. 4] 4. " 'It is a constitutional right of a defendant in a criminal trial that he may not be compelled to testify. Thus, whether or not he does testify rests entirely in his own decision. You are not to draw any inference against the D[efendant] in this case because of the fact that he elected not to testify.