[Crim. No. 3570.   Fourth Dist., Div. One.   July 22, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. RAMON JESUS DURAN, Defendant and Appellant.

*Assigned by the Chairman of the Judicial Council.

.Joseph W. Golden, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, Elizabeth Miller and Melvin R. Segal, Deputy Attorneys General, for Plaintiff and Respondent.

BROWN (Gerald), P. J.—Ramon Jesus Duran, convicted of second degree robbery (Pen. Code, § 211), after jury trial, appeals, claiming: The court should have instructed the jury on its own motion not to draw any inference of guilt from his failure to testify; the court unreasonably delayed filing a statement of its views under Penal Code, section 1203.01; and his counsel was ineffective at time of sentencing. Duran's appeal from a nonappealable order denying his motion to suppress evidence (Pen. Code, § 1538.5) must be dismissed. (Pen. Code, § 1237.)

Duran offered to help Kathryn Joyce carry her groceries as she walked toward her home from a market in Anaheim the evening of March 15, 1968. She handed him her bag of groceries, walked a short distance, then rebuffed him when he put his arm around her shoulders. Duran grabbed her purse and ran away. Miss Joyce told the police what happened and described the purse snatcher to them.

Less than 15 minutes later the police stopped Duran in the vicinity of the crime and by radio summoned Miss Joyce (who was with another officer) to see if she could identify Duran as the robber. Duran attempted to escape on foot after hearing the radio message but was chased down. Miss Joyce said Duran was the purse snatcher.

The court did not err in failing to instruct the jury it must draw no inference of guilt from Duran's failure to testify at the trial where Duran did not request such an instruction (*People* v. *Horrigan*, 253 Cal.App.2d 519, 521-523 [61 Cal.Rptr. 403]). There is some confusion created by conflicting California appellate decisions regarding giving or failing to give an instruction such as Duran now wants (see *People* v. *Hernandez*, 264 Cal.App.2d 206 [70 Cal.Rptr. 330]), but no case has held it error for the trial court not to give the instruction where it has not been requested.

Duran's complaint the court delayed some three months after sentencing before filing its views as required by Penal Code, section 1203.01 relates to a matter which happened after judgment and does not affect the fairness of his trial or validity of his conviction. Moreover, Duran's claim he was prejudiced by the delay rests on sheer speculation the court would have been more favorably disposed toward him in October than in January. We cannot join in this speculation, particularly where Duran has failed to include a copy of the court's views in the record.

After Duran's conviction, the court ordered a diagnostic study of him by the Department of Corrections under Penal Code, section 1203.03. The Director of the Department of Corrections reported his diagnosis and recommended Duran be returned to the Department of Corrections. At sentencing, the court asked Duran's trial counsel if he had anything to add to the report. Trial counsel said:

"I have read the report and it is an unfortunate situation, but I have nothing to say."

Duran claims his trial counsel was ineffective because he voiced no favorable comments concerning him. The Department of Corrections' report is not a part of the record on appeal. Appellate counsel suggests no favorable comments which might have been made. Trial counsel effectively induced the court to sentence Duran to a minimum sentence of six months under Penal Code, section 1202b. Contrary to Duran's claim, trial counsel was quite effective during pre-trial pro-

cedures (a confession was suppressed), trial (two counts were dismissed after the jury could not agree) and at sentencing.

Judgment affirmed. Appeal from order dismissed.

Coughlin, J., and Ault, J. pro tem.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 1, 1969.

---

*Assigned by the Chairman of the Judicial Council.