Filed 12/22/15  P. v. Wesley CA1/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>HAILU WESLEY,<br><br>        Defendant and Appellant. | A144407<br><br>(Solano County Super. Ct.<br>Nos. FCR257485 & FCR298183) |

Appellant Hailu Wesley appeals from denial of his petition to be resentenced to misdemeanor offenses pursuant to Proposition 47.  (Pen. Code, § 1170.18, subd. (a).)[1] The appeal is authorized by section 1237 and rule 8.204(a)(2)(B) of the California Rules of Court.

Appellant's court-appointed counsel has filed a brief raising no legal issues and has asked this court to independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  Counsel advised appellant of his right to file a supplemental brief in his own behalf and appellant has filed such a brief.

We shall find no arguable issue requiring briefing and affirm the judgment.

## FACTS AND PROCEEDINGS BELOW

On July 24, 2008, while appellant was serving a life sentence for murder (§ 187) imposed prior to 2008, he was in case No. FCR257485 charged by the District Attorney of Solano County with possession of a controlled substance in a prison facility in

---

[1] All statutory references are to the Penal Code except where otherwise indicated.

violation of section 4573.6. According to the district attorney a correctional officer saw appellant appear to be "swallowing something" while he was seated with a visitor. After a search, the officer found appellant "had a bindle under his tongue." Appellant was then placed under " 'intensive supervision' during which he produced several bindles in his stool" which upon testing contained "a total of .4.10 grams net weight of marijuana."[2] On December 2 of that year, pursuant to a negotiated plea, the charged violation of section 4573.6 was dismissed and appellant pled no contest to possession of concentrated cannabis in violation of Health and Safety Code section 11357, subdivision (a). The court imposed the 16 month low term to be served consecutively with the life term.

Four and one-half years later, on January 28, 2013, appellant was in case No. FCR 298183 again charged with possession of a controlled substance (marijuana) in a prison facility in violation of section 4573.6. On June 21, 2013, after being advised of the rights he would waive by entering his plea, and waiving those rights as part of a negotiated plea, appellant pled no contest to the offense of violating section 4573.6 and the court imposed the agreed upon two-year low term, also consecutive with his life term.

On January 6, 2015, pursuant to Proposition 47, appellant petitioned the superior court to be resentenced on the two drug possession cases just described. The petition was on January 2015 denied on the stated ground that "Proposition 47 does not apply to violations of . . . section 4573.6."

## DISCUSSION

### *Section 1170.18 Does Not Deny Appellant Equal Protection of the Law*

Proposition 47 created a resentencing provision, codified in section 1170.18, which provides that a person currently serving a sentence for certain designated felonies may petition for recall of the sentence to reduce the felony to a misdemeanor. Appellant's supplemental brief is not clear but appears to maintain that section 1170.18 violates the equal protection clauses of the federal and state Constitutions because it

---

[2] As no probation officer's report was filed, the foregoing description of the 2008 offense is taken from the statement of the district attorney pursuant to section 1203.01, subdivision (a).

provides for reduction in punishment for violation of Health and Safety Code section 11357, possession of concentrated cannabis, appellant's 2008 offense, but not for violation of section 4573.6, possession of a controlled substance in a state prison facility, the offense to which appellant pled guilty in 2013, because persons who commit either of the offenses are similarly situated to those who commit the other.

As has been said, " '[t]he first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner.' [Citations.]" (*Cooley v. Superior Court* (2002) 29 Cal.4th 228, 253.) Generally, " ' "[p]ersons convicted of *different* crimes are not similarly situated for equal protection purposes." [Citations.] "[I]t is one thing to hold . . . that persons convicted of the *same crime* cannot be treated differently. It is quite another to hold that persons convicted of *different crimes* must be treated equally." [Citation.]' [Citation.]" (*People v. Barrera* (1993) 14 Cal.App.4th 1555, 1565.)

This principle is not an "absolute rule" because a state cannot "arbitrarily discriminate between similarly situated persons simply by classifying their conduct under different criminal statutes. [Citation.]" (*People v. Hofsheier* (2006) 37 Cal.4th 1185, 1199, overruled on other grounds in *Johnson v. Department of Justice* (2015) 60 Cal.4th 871.) The "inquiry is not whether persons are similarly situated for all purposes, but 'whether they are similarly situated for purposes of the law challenged.' [Citation.]" (*Cooley v. Superior Court, supra,* 29 Cal.4th at p. 253.)

For present purposes, persons convicted of Health and Safety Code section 11357, subdivision (a), and those convicted of section 4573.6 are not similarly situated, as the statutes promote different purposes. Health and Safety Code section 11357, like section 11350, "is designed to protect the health and safety of all persons within its borders by regulating the traffic in narcotic drugs" (*People v. Clark* (1966) 241 Cal.App.2d 775, 780); section 4573.6, on the other hand, serves the "necessary" purposes of "prison administration." (*Clark,* at p. 779.) Since the statutes serve different purposes, a person who violates section 4573.6 is not "similarly situated" to one convicted of violation of

3

Health and Safety Code section 11357, subdivision (a), and there is no violation of the equal protection clauses of the federal and state Constitutions.

### *The Failure of the Trial Court and the District Attorney to Comply With Section 1203.01 Was Not Prejudicial*

Although appellant does not raise the issue in his supplemental brief, our review of the record discloses that the sentencing judge and the district attorney failed to comply with section 1203.01, subdivision (a).  That statute provides that "Immediately after judgment has been pronounced, the judge and the district attorney, respectively, may cause to be filed with the clerk of the court a brief statement of their views respecting the person convicted or sentenced and the crime committed, together with any reports the probation officer may have filed relative to the prisoner.  *The judge and the district attorney shall cause those statements to be filed if no probation report has been filed.*" (§ 1203.01, subd. (a), italics added.)  Although the record does not show that appellant was asked to waive or did waive a probation report, no such report was presented at the 2014 sentencing hearing.  Furthermore, the circumstances in which appellant violated section 4573.6 were never explained on the record by testimony, a minute order, the abstract of judgment, or any other document or representation of appellant or his counsel.

The absence of any indication in the record of the circumstances and manner in which appellant violated section 4573.6 is odd.  During the June 21, 2014 hearing at which appellant entered his plea he was asked by the court:  "Sir, is it true that on or about August 12th of last year, you had marijuana while you were in prison?" appellant answered:  "Yes."  Accepting that statement as a "factual basis" for the plea, the court immediately found appellant "guilty."  After appellant waived arraignment for judgment and sentence the court immediately imposed sentence.  Appellant's affirmation that he "had marijuana" while in prison is the sum total of what we know about his violation of section 7543.6.

For two reasons, we conclude that the failure of the judge and district attorney to comply with section 1203.01, subdivision (a) is not prejudicial.

4

To begin with, the purpose of section 1203.01, subdivision (a) is to provide correctional and parole authorities information that is relevant and sometimes essential to effective administration of the sentencing laws "without incurring the unnecessary burden of a second fact-finding process." (*In re Minnis* (1972) 7 Cal.3d 639, 650.) The manner in which the offense was committed—i.e., whether there were aggravating or mitigating circumstances—is important because it may be placed at issue in parole proceedings and influence the grant or denial of parole by the Board of Parole Hearings, or the conditions of parole.[3] However, this purpose is unrelated to the fairness of the trial or the validity of the conviction. (*People v. Duran* (1969) 275 Cal.App.2d 35, 37.)

Additionally, due to the fact that appellant committed his offense while in prison, the statement required by section 1203.01 was, as a practical matter, unnecessary. Unlike the 2008 offense, with respect to which correctional officials asked the court to provide the statements required by section 1203.01, correctional officials only asked the trial court to provide certified copies of the abstract of judgment and minute order (neither of which described the circumstances of the offense), and failed to check the box requesting a copy of the "Sentencing Transcripts (per PC 1203.01)."

Although the failure of correctional officials to request a copy of the statements required by section 1203.01 may not relieve the judge and district attorney of the *statutory* duty to provide the statements required by section 1203.01 when no probation report is provided, the failure of those officials to request the statements is, in this case

---

[3] With respect to appellant's 2008 offense (case No. FCR257485) the Division of Adult Operations of the California State Prison – Solano, where appellant was confined, filed a letter with the clerk of the Solano County Superior Court requesting the "Statement by Judge and District Attorney pursuant to PC Section 1203.01," as well as a certified copy of the abstract of judgment and complaint.

The letter explained that "[i]t would be most helpful to our staff to receive these documents as soon as possible. It would enable us to make a complete and detailed outline of the circumstances of the offense" for use during the parole process and in fashioning postrelease community supervision. The district attorney did provide the statement required by section 1203.01 with respect to the 2008 offense (case No. FCR 257485).

5

understandable, as the statements would serve no useful purpose. Because appellant's offense was committed in prison, correctional officials were undoubtedly fully aware of the circumstances at the outset, and did not need a probation report, or the statements of the judge and district attorney, to learn them. (Which renders it curious that, as explained, *ante*, at p. 5, fn. 3, correctional officials did request the statements required by § 1203.01 regarding the 2008 offense, which was also committed in prison.)

For the foregoing reasons, the failure of the judge and district attorney to comply with section 1203.01, subdivision (a) constitutes harmless error.

The record shows appellant was at all material times represented by competent counsel who protected his rights and interests, and that he entered his plea freely and voluntarily after being fully informed by the court of the rights he would be waiving by entering his plea.

Our review of the record discloses no arguable error that would result in a disposition more favorable to appellant.

**DISPOSITION**

Accordingly, the judgment, including the sentence imposed, is affirmed.

_____
Kline, P.J.


We concur:


_____
Richman, J.


_____
Stewart, J.

6