Filed 8/26/16  P. v. Martin CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>OLIN JOHNSTON MARTIN, JR.,<br><br>    Defendant and Appellant. | G051610<br><br>(Super. Ct. No. 13CF2373)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Kimberly Menninger, Judge.  Affirmed.

Allison H. Ting, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Randall D. Einhorn and Marilyn L. George, Deputy Attorneys General, for Plaintiff and Respondent.

\*              \*              \*

Defendant Olin Johnston Martin, Jr., was convicted of forcible oral copulation, assault, and possession of cocaine, and sentenced to a term of 35 years to life. Martin challenges the trial court's postjudgment order denying Martin's motion to strike the prosecution's Penal Code section 1203.01 statement that was filed over two months after Martin was sentenced. (All further statutory references are to the Penal Code unless otherwise specified.) Section 1203.01 establishes a procedure for the prosecution to convey information to the California Department of Corrections and Rehabilitation; such information might be relevant to future punishment decisions, including parole. (*In re Minnis* (1972) 7 Cal.3d 639, 650.)

We affirm. The trial court had jurisdiction to accept the prosecution's section 1203.01 statement for filing, and the statement was not otherwise untimely filed.

BACKGROUND

Martin was charged in an information with forcible oral copulation (§ 288a, subd. (c)(2) [count 1]), sexual penetration by a foreign object and force (§ 289, subd. (a)(1)(A) [count 2]), and possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a) [count 3]). A jury found him guilty of counts 1 and 3, and guilty of the lesser included offense of assault on count 2. In a bifurcated proceeding, the jury found true Martin had two prior strikes (§§ 667, subds. (d) & (e)(2)(A), 1170.12, subds. (b) & (c)(2)(A)) and two prior serious felonies (§§ 667, subd. (a)(1), 1192.7). On September 26, 2014, the trial court sentenced Martin under the "Three Strikes" law to a total prison term of 35 years to life. On October 1, 2014, Martin filed a notice of appeal from the judgment of conviction.[1]

---

[1] Martin's judgment of conviction was recently affirmed and the matter remanded for resentencing in *People v. Martin* (June 22, 2016, G050805) (nonpub. opn.).

On December 19, 2014, the prosecution filed a statement pursuant to section 1203.01. Martin moved to strike the section 1203.01 statement on the grounds that it was filed after Martin had filed a notice of appeal from the judgment of conviction and was otherwise untimely. The prosecution filed written opposition to the motion.

The trial court denied Martin's motion to strike the section 1203.01 statement, but ordered the prosecution to file an amended statement that omitted references to the trial court, including the signature line for the trial judge.

That same day, the prosecution filed an amended section 1203.01 statement, which stated in part:

"My views with respect to the person convicted and/or sentenced and the crime committed are as follows:

"Defendant engaged in a vicious sexual assault against a co-worker who had rejected his sexual advances, and who was half his age. Defendant forced the victim to orally copulate him by grabbing her by the hair and forcing her head to his penis. When the victim would pull away and try to stop orally copulating him, Defendant would hit her in the head and call her vulgar names. Throughout the lengthy ordeal (over half an hour), the victim cried and pleaded with Defendant to stop what he was doing. At one point, the victim escaped from the vehicle where the assault was taking place, but Defendant chased her and pulled her back to the car by her hair, only to continue the forced oral copulation. Defendant ejaculated into the victim's mouth, which she spit out on the ground. Immediately thereafter, Defendant forced her to begin sucking on his penis again. Although the jury acquitted Defendant of sexual penetration charged in count 2 because the victim testified she was not sure there was actual penetration, it is clear that the sexual assault also included defendant forcibly rubbing the victim's vagina with his finger. Defendant claimed the sexual conduct was consensual (though he adamantly denied ejaculating and touching the victim's vagina with his finger), and explained victim's injuries by insisting that she liked it 'rough.' Immediately after the

3

victim escaped from Defendant, she drove a short distance away then vomited. She reported the crime to the police shortly thereafter.

"Defendant's prior criminal history is lengthy and violent, though not sexual in nature. Defendant's prior history and current offenses show he has a total disregard for the safety and property of others, and that he poses an ongoing threat to the safety of citizens in society if he is out of custody. Although Defendant argues that he 'found Jesus' and was a different man following his 14-year incarceration for robbery, Defendant's actions in this case prove otherwise. Defendant's lack of remorse and unwillingness to take responsibility for his actions in this and his prior cases further confirms he lacks any redeeming qualities."

Martin appealed from the order denying his motion to strike the section 1203.01 statement.

DISCUSSION

Martin's challenge to the trial court's order denying his motion to strike the section 1203.01 statement is solely based on his contention it was untimely filed. Section 1203.01, subdivision (a) provides in part: "*Immediately* after judgment has been pronounced, the judge and the district attorney, respectively, may cause to be filed with the clerk of the court a brief statement of their views respecting the person convicted or sentenced and the crime committed, together with any reports the probation officer may have filed relative to the prisoner. . . . The attorney for the defendant and the law enforcement agency that investigated the case may likewise file with the clerk of the court statements of their views respecting the defendant and the crime of which he or she was convicted. Immediately after the filing of those statements and reports, the clerk of the court shall mail a copy thereof, certified by that clerk, with postage prepaid, addressed to the Department of Corrections and Rehabilitation at the prison or other institution to which the person convicted is delivered." (Italics added.)

4

Martin argues that because the section 1203.01 statement was filed after he had filed his notice of appeal from the judgment of conviction, the trial court lost jurisdiction to accept for filing a section 1203.01 statement.  He further argues that, in any event, the section 1203.01 statement, filed over two months after his judgment of conviction was pronounced, did not satisfy section 1203.01, subdivision (a)'s requirement it be filed "[i]mmediately" after judgment has been pronounced.  Martin's arguments lack merit.

"Generally, the filing of a notice of appeal vests jurisdiction in the appellate court and divests the trial court of jurisdiction to make any order *affecting the judgment*. [Citations.]  '"Because an appeal divests the trial court of subject matter jurisdiction, the court lacks jurisdiction to vacate the judgment or make any order *affecting it*. [Citations.]"'" (*People v. Espinosa* (2014) 229 Cal.App.4th 1487, 1496, italics added.) "'The purpose of the rule depriving the trial court of jurisdiction pending appeal "'is to protect the appellate court's jurisdiction by preserving the status quo until the appeal is decided.  The rule prevents the trial court from rendering an appeal futile by altering the appealed judgment . . . by conducting other proceedings that may affect it.' [Citation.]'" [Citations.]" (*Ibid*.)

The trial court's order denying Martin's motion to strike the section 1203.01 statement did not affect the judgment of conviction.  (See *People v. Duran* (1969) 275 Cal.App.2d 35, 37 [holding the court's three-month delay "before filing its views as required by Penal Code, section 1203.01 relates to a matter which happened after judgment and does not affect the fairness of his trial or validity of his conviction"].)  Instead, the statement constitutes the prosecution's view of the case; Martin does not challenge its content.  Martin cites no legal authority which supports his argument that the prosecution is jurisdictionally barred from filing a section 1203.01 statement after a notice of appeal is filed.  If that were the law, which it is not, a convicted defendant might successfully block the dissemination of the information

5

contained in such a statement by filing a notice of appeal from the judgment of conviction once it was entered and before a section 1203.01 statement might be prepared and filed. Martin's argument that the trial court had lost jurisdiction to accept for filing the section 1203.01 statement therefore fails.

We also reject Martin's argument that the prosecution's section 1203.01 statement was untimely under section 1203.01, subdivision (a) because it was not filed *immediately* after the judgment of conviction had been pronounced. Section 1203.01 does not define the term "immediately." Rule 4.480 of the California Rules of Court states that a trial judge's statement under section 1203.01 "*should be* submitted *no later than two weeks after sentencing* so that it may be included in the official Department of Corrections and Rehabilitation, Division of Adult Operations case summary that is prepared during the time the offender is being processed at the Reception-Guidance Center of the Department of Corrections and Rehabilitation, Division of Adult Operations."[2] Rule 4.480 does not include a similar suggested timeframe for the filing of a prosecution's section 1203.01 statement.

In *People v. Duran*, *supra*, 275 Cal.App.2d at pages 36, 37, the appellate court rejected the defendant's argument that the trial court's three-month delay in filing a statement of its views under section 1203.01 was unreasonable. The court stated: "Duran's claim he was prejudiced by the delay rests on sheer speculation the court would have been more favorably disposed toward him in October than in January. We cannot join in this speculation, particularly where Duran has failed to include a copy of the court's views in the record." (*People v. Duran*, *supra*, at p. 37.)

---

[2] California Rules of Court, rule 4.480's two-week timeframe for the submission of a trial judge's section 1203.01 statement further undermines Martin's argument that the trial court is divested of jurisdiction to accept for filing such a statement once the notice of appeal is filed because a notice of appeal can be filed within two weeks of sentencing, as occurred in the instant case.

Here, there is nothing to suggest that Martin was in any way prejudiced by the prosecution's failure to file a section 1203.01 statement until more than two months after he was sentenced, and we reject his argument that we should presume prejudice. The record does not show Martin took advantage of the trial court's invitation to file his own statement under section 1203.01, subdivision (a) to add information or address any substantive errors, which, he believed, were contained in the prosecution's section 1203.01 statement.  We find no error.

DISPOSITION

The postjudgment order is affirmed.


FYBEL, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


ARONSON, J.

7